UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAURICE SPEARMAN,

    Plaintiff,                      CIVIL ACTION NO. 07-10364

    v.                              DISTRICT JUDGE BERNARD A. FRIEDMAN

L. SMITH and K. DUNTON,        MAGISTRATE JUDGE VIRGINIA M. MORGAN

    Defendants.
_____/

## REPORT AND RECOMMENDATION

**I. Introduction**

    This is a *pro se* 42 U.S.C § 1983 action in which the plaintiff, an inmate in the custody of the Michigan Department of Corrections (MDOC), alleges that the defendants, employees of MDOC, retaliated against him for exercising his rights under the First Amendment to the United States Constitution. The matter comes before the court on defendants' motion for summary judgment (D/E #14). For the reasons stated below, the court recommends that defendants' motion be **GRANTED** and that plaintiff's complaint be **DISMISSED WITH PREJUDICE**.

**II. Background**

    Plaintiff is currently housed at the Chippewa Correctional Facility and he has previously been housed at the Standish Maximum Correctional Facility. While incarcerated, he filed two grievances against MDOC employees relevant to this case. On February 15, 2006, plaintiff filed

a grievance against "S. Smith" of prison accounting for improperly withdrawing funds from his account (MDOC Grievance Form, attached as Exhibit 2 to Defendants' Motion for Summary Judgment). On September 26, 2006, plaintiff filed a grievance against defendant Dunton for refusing to transfer plaintiff because of plaintiff's previous civil complaints against MDOC employees (MDOC Grievance Form, attached as Exhibit B to Plaintiff's Complaint).

On January 23, 2007, plaintiff filed a complaint against defendants (D/E #1). In his complaint, plaintiff alleged that defendant Smith, an employee at the Standish Maximum Correctional Facility, improperly withdrew funds from plaintiff's account between November 15, 2005, and March 13, 2006. Plaintiff also alleged that defendant Dunton, an employee at the Chippewa Facility, refused to arrange for his transfer to a "downstate facility." Plaintiff further alleged that both defendants acted improperly in order to retaliate against plaintiff for plaintiff's previous exercises of his First Amendment rights.

On April 2, 2007, defendants filed a motion for summary judgment (D/E # 14). In that motion, defendant Smith argues that summary judgment is appropriate in her case because plaintiff failed to exhaust all of his administrative remedies and because she was not personally involved in the withdrawal of funds from plaintiff's account. Defendant Dunton argues that summary judgment is appropriate in his case because there was no adverse action taken against plaintiff and because defendant Dunton was not the final decision-maker in deciding whether plaintiff was transferred to another facility.

On April 26, 2007, plaintiff filed what he labeled a supplemental brief in support of his complaint (D/E # 17). Within that brief, plaintiff argues that he did exhaust all of his

administrative remedies and that defendant Smith was personally involved in the improper withdrawal of funds from plaintiff's account. Plaintiff also argues that, while plaintiff does not have the right to a prison transfer, the refusal to transfer him still constitutes an adverse action and that defendant Dunton played a significant role in the decision not to transfer plaintiff.

### III.  Standard of Review

Defendants move for summary judgment pursuant to Federal Rule of Civil Procedure 56(b), which states that "[a] party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move without or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof." Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

In deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the non-movant. See Matsushita Electric Industrial Co., Ltd. et al. v. Zenith Radio Corp., et. al., 475 U.S. 547, 587, 106 S.Ct. 1348, 1356 (1986); see also B.F. Goodrich Co. v. U.S. Filter Corp., 245 F.3d 587, 591-92 (6th Cir. 2001). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Once the moving party has carried his burden, the party opposing the motion "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita, 475 U.S. at 587, 106 S.Ct. 1348. The opposing party cannot merely rest upon the allegations contained in his

pleadings. Rather, he must submit evidence demonstrating that material issues of fact exist. Banks v. Wolfe County Bd. of Educ., 330 F.3d 888, 892 (6th Cir. 2003); Fed. R. Civ. P. 56(e). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587, 106 S.Ct. 1348 (quoting First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 289, 88 S.Ct. 1575, 1592 (1968)).

## IV. Analysis

### A. Defendant Smith's Grounds for Summary Judgment

#### 1. Failure to Exhaust Administrative Remedies

As noted above, plaintiff is a prisoner confined in a Michigan correctional facility. Pursuant to the Prison Litigation Reform Act of 1995 (PLRA), 110 Stat. 1321-71, as amended 42 U.S.C. §§ 1997e *et seq.*, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Accordingly, exhaustion of available administrative remedies is mandatory in order for prisoners to bring a claim in federal court. Jones v. Bock, __U.S. __, __, 127 S.Ct. 910, 914, 166 L.Ed.2d 798 (2007); Woodford v. Ngo, __U.S. __, __, 126 S.Ct. 2378, 2383, 165 L.Ed.2d 368 (2006). Not only must the prisoner exhaust all available remedies but such exhaustion must be proper, including "compliance with an agency's deadlines and other critical procedural rules." Woodford, 126 S.Ct. at 2386 (holding that an inmate's exhaustion must be in compliance with applicable grievance procedures, specifically deadlines, because "no

adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings"). In the present case, defendant Smith argues that plaintiff did not properly exhaust his available administrative remedies because his grievance named "S. Smith" as the prison employee who improperly withdrew the funds while defendant Smith's full name is Lisa Smith.

"The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones, 127 S.Ct. at 923. In Michigan, MDOC policy provides that "[d]ates, times, places and names of all those involved in the issue being grieved are to be included" in the grievance form filed by a prisoner. (MDOC Policy Directive, Paragraph T, attached as Exhibit 4 to Defendants' Motion for Summary Judgment.)

In this case, plaintiff identified "S. Smith" as the prison employee who withdrew funds from his account. (MDOC Grievance Form, attached as Exhibit 2 to Defendants' Motion for Summary Judgment). While defendant's full name is Lisa Smith, it is clear that plaintiff exhausted his administrative remedies with regard to his claim against her. As evidenced by the fact that plaintiff's grievance was ruled upon at three separate steps and decided on its merits, MDOC itself was satisfied that plaintiff provided the necessary level of detail. Moreover, plaintiff named "S. Smith" as a defendant in his complaint and defendant Smith waived service and took steps to defend herself in this action, which suggest she knows that she was the S. Smith identified in the grievance. To the extent defendant Smith argues that the grievance

procedure failed to provide her with notice of plaintiff's claim, the Sixth Circuit has noted that, while the grievance procedure may promote early notice to those who might later be sued, that has not been thought to be one of the leading purposes of the exhaustion requirement. Jones, 127 S.Ct. at 923, citing Johnson v. Johnson, 385 F.3d 503, 522 (5th Cir. 2006) ("We are mindful that the primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued; the grievance is not a summons and complaint that initiates adversarial litigation"). The Sixth Circuit has identified the benefits of exhaustion to include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." Jones, 127 S.Ct. at 923. Those goals of the exhaustion requirement have been met and MDOC was satisfied with the level of detail found in plaintiff's grievance. Therefore, this court should find that plaintiff exhausted his administrative remedies with regard to his claim against defendant Smith.

### 2. Lack of Personal Involvement

Retaliation claims arise in any number of contexts. "The essence of such a claim is that the plaintiff engaged in conduct protected by the Constitution or by statute, the defendant took an adverse action against the plaintiff, and this adverse action was taken (at least in part) because of the protected conduct. Thaddeus-X v. Blatter, 175 F.3d 378, 386-387 (6th Cir. 1999). In this case, defendant Smith argues that summary judgment is appropriate because she was not personally involved in the withdrawal of funds from plaintiff's account. In support of her

argument, defendant Smith cites to cases discussing the potential liability of supervisors for the actions of their subordinates, but those cases are not relevant to this action as neither party alleges that supervisor liability is an issue. Defendant Smith's argument should instead be seen as an argument that she took no adverse action against plaintiff because of his protected conduct and, therefore, summary judgment is appropriate.

In support of her motion, defendant Smith provided her own affidavit stating that she had no specific duties with regard to plaintiff's account and court orders, and that she has no knowledge of his specific problems. Defendant Smith also stated in her affidavit that she acted in good faith and within her scope of authority at all times when doing her job. (Defendant Smith's Affidavit, attached as Exhibit 1 to Defendants' Motion for Summary Judgment.) In support of his response, plaintiff provided his own affidavit in which he states that, from October 2005 to March 13, 2006, defendant Smith collected $35.05 from plaintiff's account and that, following the payment of a settlement plaintiff reached in a separate case on or about October 5, 2005, Smith should have returned $24.23 to plaintiff. (Plaintiff's Affidavit, attached as Exhibit 1 to Plaintiff's Brief in Support of his Complaint.)

As noted above, in deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the non-movant. See Matsushita Electric Industrial Co., Ltd. et al. v. Zenith Radio Corp., et. al., 475 U.S. 547, 587, 106 S.Ct. 1348, 1356 (1986); see also B.F. Goodrich Co. v. U.S. Filter Corp., 245 F.3d 587, 591-92 (6th Cir. 2001). Moreover, summary judgment is only appropriate where the evidence provided shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a

matter of law. Fed. R. Civ. P. 56(c). In this case, both defendant Smith and plaintiff rely solely on their respective affidavits. The use of such supporting affidavits is appropriate, so long as the affidavits were made on personal knowledge, set forth such facts as would be admissible in evidence, and show affirmatively that the affiant is competent to testify to the matters stated therein. Fed. R. Civ. P. 56(e).

Defendant Smith's affidavit clearly meets the requirements of Fed. R. Civ. P. 56(e) as it discusses her duties at work and her knowledge, or lack there of, regarding plaintiff's account. Plaintiff's affidavit, however, does not meet the requirements of Rule 56(e) as it is not made on personal knowledge and it does not affirmatively show that plaintiff is competent to testify regarding Smith's actions. Instead, plaintiff's affidavit merely repeats the allegations of his complaint, namely that Smith refused to return money to his account in order to punish plaintiff for his settlement in a separate civil case. Once defendant Smith carried her initial burden of demonstrating the absence of a genuine issue of material fact, which she did through her affidavit, plaintiff must come forward with specific facts showing that there is a genuine issue for trial and he cannot merely rest upon the allegations contained in his pleadings. Matsushita, 475 U.S. at 587; Banks, 330 F.3d at 892; Fed. R. Civ. P. 56(e). While it was in affidavit form, plaintiff did indeed merely rest upon the allegations contained in his complaint and he failed to come forward with any facts showing a genuine issue for trial. Given plaintiff's failure to meet that burden, summary judgment in favor of defendant Smith is appropriate.

**B. Defendant Dunton's Grounds for Summary Judgment**

As noted above, the essence of a retaliation claim made pursuant to 42 U.S.C. § 1983 is that "the plaintiff engaged in conduct protected by the Constitution or by statute, the defendant took an adverse action against the plaintiff, and this adverse action was taken (at least in part) because of the protected conduct." Thaddeus-X v. Blatter, 175 F.3d 378, 386-387 (6th Cir. 1999). In this case, defendant Dunton argues that summary judgment is appropriate because no adverse action was taken against plaintiff and, even if there was, defendant Dunton did not cause it.

### 1. Adverse Action

Defendant Dunton argues, without support, that the fact that plaintiff has no right to a prison transfer means that the denial of a transfer is not an adverse action. That, however, is not the standard used by the Sixth Circuit. Instead, "[a]n adverse action is one that would 'deter a person of ordinary firmness' from the exercise of the right at stake." Thaddeus-X v. Blatter, 175 F.3d 378, 396 (6th Cir. 1999), quoting Bart v. Telford, 677 F.2d 622, 625 (7th Cir.1982). Moreover, "in most cases, the question of whether an alleged retaliatory action poses a sufficient deterrent threat to be actionable will not be amenable to resolution as a matter of law." Bell v. Johnson, 308 F.3d 594, 603 (6th Cir. 2002). In fact, "unless the claimed retaliatory action is truly 'inconsequential,' the plaintiff's claim should go to the jury." Bell, 308 F.3d at 603. In this case, defendant Dunton does not argue that a denial of a transfer to a less restrictive prison with more rehabilitation programs is inconsequential and nothing in the evidence suggests that is so. Thus, this question of fact should not resolved by summary judgment.

### 2. Causation

Under the causation element of a prisoner's prima facie case for retaliation, the subjective motivation of the decision-maker is at issue and the plaintiff must show that the decision was motivated, at least in part, by the plaintiff's protected activity. Thaddeus-X, 175 F.3d at 399. Once the plaintiff has met this burden, if the defendant can show that the same action would have been taken in the absence of protected activity, the defendant is entitled to prevail on summary judgment. Smith v. Campbell, 250 F.3d 1032, 1038 (6th Cir. 2001). There is no causation where the defendant is not the decision-maker. See Smith, 250 F.3d at 1038 (holding that one of the defendants' comments did not demonstrate a causal connection between plaintiff's filing of grievances and the decision to transfer plaintiff because it was uncontroverted that the defendant making the comment was not the decision-maker in the case); Shehee v. Luttrell, 199 F.3d 295, 301 (6th Cir. 1999) (holding that despite prisoner's allegation that prison employees instigated the loss of his commissary position, the prison employees cannot be liable on plaintiff's retaliation claim because they were not involved in the decision to terminate the plaintiff); Bush v. Dictaphone Corp., 161 F.3d 363, 369 (6th Cir.1998) (holding that statements by nondecision-makers cannot suffice to satisfy the plaintiff's burden of demonstrating animus).

In this case, there is clearly a genuine dispute over what actions defendant Dunton took. For example, defendant Dunton states in his affidavit that he initiated four separate requests by plaintiff for a transfer[1] between October 13, 2006, and January 26, 2007, while plaintiff provided a grievance form which contained a statement from a MDOC employee quoting defendant

---

[1] Defendant Dunton's Affidavit, attached as Exhibit 3 to Defendants' Motion for Summary Judgment.

Dunton as saying 'I denied a reduction request and told him to reapply after 1/20/07."[2]

Nevertheless, as MDOC policy clearly shows and as conceded by plaintiff, defendant Dunton does not have authority or final approval to transfer a prisoner. As the cases cited above show, that fact negates any causation in this case. The finding of no causation even occurs where some defendants instigated the adverse action, Shehee v. Luttrell, 199 F.3d 295, 301 (6th Cir.1999), or where the defendants' recommendations carried great weight with the final decision-maker, Cohen v. Smith, 58 Fed. Appx. 139, 143-144 (6th Cir. 2003), both of which possibly occurred in this case. Defendant Dunton was not the final decision-maker in this case and, therefore, summary judgment in his favor is appropriate.

**V. Conclusion**

For the reasons discussed above, the court recommends that defendants' motion for summary judgment be **GRANTED** and that plaintiff's complaint be **DISMISSED WITH PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues,

---

[2] Step 1 Grievance Response for Prisoner, attached as part of Exhibit B to Plaintiff's Complaint.

but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

                                        s/Virginia M. Morgan
                                        Virginia M. Morgan
                                        United States Magistrate Judge

Dated: July 25, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and Maurice Spearman via the Court's ECF System and/or U. S. Mail on July 25, 2007.

                                        s/Jane Johnson
                                        Case Manager to
                                        Magistrate Judge Virginia M. Morgan